Kenneth L. Pedersen, ISB #1436
Jarom A. Whitehead, ISB #6656
Michael J. Hanby, II, ISB #7997
PEDERSEN and WHITEHEAD
161 5th Ave. S., Suite 301
P. O. Box 2349
Twin Falls, ID 83303-2349
208-734-2552 (Telephone)
208-734-2772 (Facsimile)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY FULLMER and DIANE FULLMER, husband and wife, SEASON LEE GARRETSON, an individual, RANDALL HARRIS and ROSELLA HARRIS, husband and wife, and JANET TRIPPLE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPUY SYNTHES SALES, INC., a Massachusetts corporation, doing business as DePuy Synthes Joint Reconstruction, DEPUY ORTHOPAEDICS, INC., an Indiana corporation, DEPUY INTERNATIONAL LIMITED, an international corporation, JOHNSON & JOHNSON, a professional corporation, JOHNSON & JOHNSON SERVICES, INC., a New Jersey corporation, JOHNSON & JOHNSON INTERNATIONAL, a New Jersey corporation, BUSINESS ENTITY DOES I through X and DOES I through X,<br><br>Defendants. | Case No. ____________________<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through their counsel of record, complain and allege as follows:

## PARTIES

1. At all times material hereto, Plaintiffs resided in the City of Pocatello, County of Bannock, Idaho.

2. At all times material hereto, Defendant DePuy Synthes Sales, Inc. ("DePuy"), d.b.a. DePuy Synthes Joint Reconstruction, was believed to be a public entity or corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 325 Paramount Drive in the City of Raynham, County of Bristol, Massachusetts.

3. At all times material hereto Defendant DePuy Orthopaedics, Inc. ("DePuy") was believed to be a public entity or corporation, organized and existing under the laws of the State of Indiana, with a principal place of business at 3550 U.S. Highway 30 East in the City of Warsaw, County of Kosciusko, Indiana.

4. At all times material hereto, Defendant DePuy International Limited ("DePuy") was believed to be a public entity or corporation organized and existing under the laws of the United Kingdom, with its principal place of business at St. Anthony's Road, Beeston, Leeds, West Yorkshire, LS11 8DT, United Kingdom.

5. At all times material hereto, Defendant Johnson & Johnson ("J & J") was believed to be a public entity or corporation organized and existing under the laws of the State of New Jersey, with a principal place of business in the City of New Brunswick, County of Middlesex, New Jersey.

6. At all times material hereto, Defendant Johnson & Johnson Services Inc. ("J & J") was believed to be a public entity or corporation organized and existing under the laws of the State of New Jersey, with a principal place of business in the City of New Brunswick, County of

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

Middlesex, New Jersey.

7. At all times material hereto, Defendant Johnson & Johnson International ("J & J") was believed to be a public entity or corporation organized and existing under the laws of the State of New Jersey, with a principal place of business in the City of New Brunswick, County of Middlesex, New Jersey.

8. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does I through X, inclusive, and Business Entity Does I through X, inclusive, are unknown to Plaintiff at this time. Plaintiff sues those Defendants by such fictitious names and will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each of the Defendants designated as a Doe is negligently or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and damages to the Plaintiff alleged in this Complaint.

**JURISDICTION**

9. Defendants are subject to the jurisdiction of the courts of the State of Idaho pursuant to Idaho Code § 5-514 by virtue of having transacted business in Idaho and/or by selling their dangerously defective product in Idaho.

10. In the alternative, the Defendants are subject to the jurisdiction of the courts of the State of Idaho by virtue of placing their dangerously defective product in the interstate stream of commerce, which product was subsequently used in Idaho by the Plaintiffs, causing the Plaintiffs injuries and damages.

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

citizens of different states.

12. Venue in this District of Idaho is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Idaho. Defendants conduct business in the Southern District of Idaho. Defendants' commercial activities in the Southern District of Idaho include, but are not limited to, the sale of knee replacement systems.

## FACTUAL CONTEXT

13. DePuy is in the business of designing, manufacturing and selling medical devices including orthopaedic reconstructive knee implants under the name "DePuy ATTUNE." DePuy marketed the ATTUNE system worldwide and specifically directed its business activities to residents of the State of Idaho. At all material times, DePuy purposefully availed itself to the benefits and protections of the State of Idaho.

14. J & J is in the business of designing, manufacturing and selling consumer healthcare products, medical devices, pharmaceuticals and biologicals. J & J is the parent corporation of its wholly owned subsidiary DePuy. J & J markets its products to and directs its business activities to citizens of the State of Idaho. At all material time, J & J purposefully availed itself to the benefits and protections of the State of Idaho.

15. DePuy designed, manufactured, and distributed the ATTUNE system. J & J participated in marketing the Implant. DePuy provided the FDA with pre-market notification of its intent to sell the ATTUNE system under section 510(k) of the Food, Drug and Cosmetic Act, as device substantially equivalent to other knee implants already on the market.

16. Recipients of the ATTUNE systems have been required to undergo revision surgeries well before the estimated life expectancy of the system and at a much higher rate than

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

anticipated.

17. Plaintiff Gary Fullmer had DePuy ATTUNE knee components implanted into his right knee on or about November 24, 2014.

18. Plaintiff Gary Fullmer had to have revision surgery performed on October 26, 2015, by Dr Aaron Altenburg in Pocatello, Idaho, due to failure of the DePuy ATTUNE knee components.

19. Plaintiff Season Lee Garretson had DePuy ATTUNE knee components implanted into her left knee on or about December 11, 2013, and into her right knee on or about October 22, 2014.

20. Plaintiff Season Lee Garretson had to have revision surgery on her left knee performed on February 1, 2016, by Dr. Aaron Altenburg in Pocatello, Idaho, due to failure of the DePuy ATTUNE knee components. She had to have revision surgery on her right knee performed on July 13, 2016, by Dr. Aaron Altenburg in Pocatello, Idaho, due to failure of the DePuy ATTUNE knee components.

21. Plaintiff Randall Harris had DePuy ATTUNE knee components implanted into his right knee on or about December 27, 2013.

22. Plaintiff Randall Harris had to have revision surgery on his right knee performed on April 6, 2015, by Dr. Aaron Altenburg in Pocatello, Idaho, due to failure of the DePuy ATTUNE knee components.

23. Plaintiff Janet Tripple had DePuy ATTUNE knee components implanted into her left knee on or about December 11, 2013.

24. Plaintiff Janet Tripple had to have revision surgery on her left knee performed on February 11, 2015, by Dr. Aaron Altenburg in Pocatello, Idaho, due to failure of the DePuy

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

ATTUNE knee components.

25. Plaintiffs believe that the DePuy ATTUNE knee components were manufactured and sold by DePuy Synthes and/or Johnson & Johnson Family Companies.

26. The knee components were purchased by Dr. Aaron Altenburg and/or Portneuf Medical Center and/or Medical Specialties of Idaho.

27. A defect in design of the tibial components resulted in the loosening in each implant surgery.

28. Plaintiffs suffered damages because of the DePuy ATTUNE knee implants.

**COUNT ONE - NEGLIGENCE**

29. Plaintiff realleges the allegations contained in each and every paragraph hereinabove.

30. Defendants negligently manufactured, sold and distributed the DePuy ATTUNE knee components; such negligence proximately caused Plaintiffs to suffer damages.

31. Defendants Business Entity Does and Does I through X, when acting in the course of the manufacture, sale and distribution of the DePuy ATTUNE knee components negligently manufactured, sold and distributed the components, including post-marketing activities; such negligence proximately caused Plaintiffs to suffer damages.

32. Plaintiffs are entitled to an award of damages, both special and general, in an amount to be proven at trial.

**COUNT TWO - STRICT PRODUCT LIABILITY**

33. Plaintiffs realleges the allegations contained in each and every paragraph hereinabove.

34. The components were defective and unreasonably dangerous as defined by Idaho

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

statutory and case law relating to strict product liability; such breach of Idaho law proximately caused Plaintiffs to suffer damages.

35. Plaintiffs are entitled to an award of damages, both special and general, in an amount to be proven at trial.

**COUNT THREE - BREACH OF IMPLIED AND EXPRESS WARRANTY**

36. Plaintiffs realleges the allegations contained in each and every paragraph hereinabove.

37. Defendants breached their implied and express warranties as they relate to said product; and such breach proximately caused Plaintiffs to suffer damages.

38. Plaintiffs are entitled to an award of damages, both special and general, in an amount to be proven at trial.

**COUNT FOUR - ATTORNEY FEES**

39. Plaintiffs realleges the allegations contained in each and every paragraph hereinabove.

40. It has been necessary for Plaintiffs to hire the firm of Pedersen and Whitehead, of Twin Falls, Idaho, to prosecute this action.

41. Plaintiffs are entitled to reasonable attorney fees pursuant to Idaho Code §12-120 and/or §12-121 and the applicable rules of the Idaho Rules of Civil Procedure.

**DAMAGES**

42. As a proximate and/or producing result of Defendants' negligence and breaches, Plaintiffs have suffered substantial injuries and damages.

43. The damages complained of were caused by multiple factors, but the negligence of Defendants was a substantial factor in causing the damages.

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

44. There are certain elements of damages provided by law that Plaintiffs are entitled to have the jury in this case separately consider in determining the sum of money that will fairly and reasonably compensate them for their injuries and damages; those elements of damage include the following, both up to the time of trial and beyond:

A. The physical pain and suffering Plaintiffs have suffered and will continue to suffer because of the severe and permanent injury to them;

B. The mental anguish and severe emotional distress Plaintiffs have suffered and will continue to suffer;

C. The amount of reasonable medical expenses necessarily incurred and to be incurred in the treatment of Plaintiffs;

D. The damages resulting from the physical impairment that Plaintiffs have suffered and will continue to suffer and the resulting inability to do those tasks and services that they ordinarily would have been able to perform;

E. The amount of reasonable attorney fees and costs necessarily incurred by Plaintiffs.

45. Plaintiffs respectfully request that a jury determine the amount of the losses they have incurred in the past, and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.

46. Considering each of these elements of damages, Plaintiffs have suffered damages in excess of $10,000.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment in thier favor and against Defendants jointly and severally for:

A. As to all Counts: for damages, both special and general, in favor of Plaintiffs in an amount to be determined at trial;

B. For reasonable attorney fees;

C. For costs of prosecuting and presenting the evidence of this case; and

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

D. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by a jury of at least twelve (12) members on all issues in the above-entitled matter.

DATED this 27th day of September, 2016.

PEDERSEN AND WHITEHEAD

By ______________________________
Kenneth L. Pedersen, ISB #1436
Jarom A. Whitehead, ISB #6656
Michael J. Hanby, ISB #7997

Counsel for Plaintiffs

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552